UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MONAHAN CORPORATION N.V., <br> TREETOP INVESTMENTS N.V., and <br> GANATERRA CORP., N.V., <br> *Plaintiffs,* <br><br> v <br><br> ROBERT M. WHITTY, <br> DENNIS ETZKORN, <br> 261 OLIVER STREET REALTY TRUST, <br> BLAKE J. GODBOUT, and <br> DIMARIA AND GODBOUT, P.A. <br> *Defendants.* | CIVIL ACTION NO. <br> CV 11424 LPC |

### AFFIDAVIT OF MARK A. ROSEN IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS, BLAKE J. GODBOUT'S AND DIMARIA & GODBOUT, P.A.'S MOTION FOR ATTORNEY'S FEES AND SANCTIONS PURSUANT TO RULE 11 AND M.G.L. 231 §6F

I, Mark A. Rosen, being over the age of twenty-one (21), being duly sworn upon my oath, according to law, depose and state as follows:

1. All statements in this Affidavit are based upon my personal knowledge and are true and correct, unless stated otherwise.

2. I have been one of the attorneys representing Plaintiffs throughout the entire existence of this lawsuit.

3. Defendant Godbout had noticed the 30(b)(6) deposition of Plaintiffs. At the time of the notice, Russell Molina would have been the 30(b)(6) designee. However, before Mr. Godbout actually scheduled the deposition, Mr. Molina left the employ of the Plaintiffs. It should be noted Mr. Molina resides and works in Houston, Texas. As a consequence, since Plaintiffs no longer employed Mr. Molina, there was a question if he

would agree to be the 30(b)(6) deponent. Ultimately, it was agreed that Mr. Molina would be Plaintiffs' 30(b)(6) designee and on January 9, 2003, Mr. Godbout and I agreed that Mr. Molina's deposition would be taken in Boston on January 27, 2003. A true and accurate copy of my letter of January 17, 2003 to Mr. Godbout confirming Mr. Molina's deposition is attached hereto as Exhibit A.

4. On January 23, 2003, I received a telephone call from Mr. Godbout requesting that Mr. Molina's deposition start at noon on January 27, 2003 due to a conflict he had with a trial in which he was involved. A true and accurate copy of my letter of January 23, 2003 confirming our conversation is attached hereto as Exhibit B.

5. On Friday, January 24, 2003 I received a letter from Mr. Godbout advising that Mr. Molina's deposition would start at 11:00 a.m. instead of noon. A true and accurate copy of Mr. Godbout's letter of January 24, 2003 is attached hereto as Exhibit C. There is no reference in this letter to any basis upon which a Rule 11 motion would be filed.

6. On Sunday, January 26, 2003, at approximately 4:00 p.m., I received a telephone call from Mr. Molina informing me that due to the illness of his wife and children, he would not be able to come to Boston the next day. I knew Mr. Godbout would be in his office on Sunday both per his letter of January 24, 2003 and because Mr. Godbout had called me earlier on Sunday to leave a voicemail and a number at which he could be reached. I immediately called him to advise him of the situation. At that time we discussed potential alternative dates for Mr. Molina's deposition and that fact that he would require an expedited transcript so he could prepare and timely file his second Motion for Summary Judgment.

7. On Monday, January 27, 2003, I again spoke with Mr. Godbout to reschedule Mr. Molina's deposition. During this conversation, Mr. Godbout informed me that unless we had an agreed upon date by the close of business on January 29, 2003, he would seek to have the case dismissed and may seek sanctions for Mr. Molina failing to appear for his deposition. Mr. Godbout also informed me that he was leaving on vacation on January 30, 2003 and that is why he had to have this resolved before he left.

8. On Tuesday, January 28, 2003, I called Mr. Godbout to advise him that Mr. Molina would come to Boston on February 10, 2003, one of the dates we had previously discussed as being mutually acceptable, for his deposition. A true and accurate copy of my letter of January 29, 2003 confirming, among other things, that Mr. Molina would be deposed on February 10, 2003, is attached hereto as Exhibit D.

9. On February 7, 2003, I received a letter from Mr. Godbout confirming that Mr. Molina's deposition will take place on February 10, 2003 commencing at 9:00 a.m. There is no reference in this letter to any basis upon which a Rule 11 motion would be filed. A true and accurate copy of Mr. Godbout's letter of February 7, 2003 is attached hereto as Exhibit E.

FURTHER AFFIANT SAYETH NOT.

Signed under the pains and penalties of perjury this 28th day of May, 2004.

_____
Mark A. Rosen