UNITED STATES DISTRICT COURT
FOR THE DISTRICT MASSACHUSETTS

CIVIL ACTION NO. 00 CV1142LPC

2004 JUN 22 P 3:12

```
                                    )
MONAHAN CORPORATION N.V.,           )
TREETOP INVESTMENTS, N.V.,          )
and GANATERRA CORP., N.V.,          )
                                    )
        Plaintiff                   )
                                    )
v.                                  )
                                    )
ROBERT M. WHITTY,                   )
DENNIS ETZKORN,                     )
261 OLIVER REALTY TRUST,            )
BLAKE J. GODBOUT, and               )
DIMARIA & GODBOUT, P.A.,            )
                                    )
        Defendants.                 )
                                    )
```

## DEFENDANT BLAKE J. GODBOUT AND DIMARIA & GODBOUT, P.A.'S MOTION FOR RECONSIDERATION OF COURT'S ORDER OF JUNE 14, 2004

Now come, Defendants, Blake J. Godbout and DiMaria & Godbout, P.A. (hereinafter collectively referred to as, "Defendants") and respectfully moves this Court to reconsider its Order of June 14, 2004 (the "Order") and award costs pursuant to 28 U.S.C. §1920 against both plaintiffs Monahan Corporation N.V., Treetop Investments, N.V. and Ganaterra Corp., N.V. ("Plaintiff corporations"), and plaintiffs' counsel's Mark A. Rosen, Gina A. Lahey and Rosen & Bernstein ("Plaintiff's counsel"). In the alternative, Defendants request that this Court award costs

-1-

against Plaintiff Corporations' agent, Russell S. Molina, individually. In support thereof, Defendants offer the following arguments.

A.  **Request for Reconsideration**.

By its Order of June 14, 2004, this Court clarified its original Order of June 1, 2004 and awarded taxable costs in the amount of $3,292.25 against Plaintiff Corporations. However, Defendants believe that the Court was unaware of the factual circumstances surrounding the corporate existence of Plaintiffs Monahan Corporation N.V., Treetop Investments, N.V. and Ganaterra Corp., N.V., and would request that the Court reconsider its Order of the following manner.

(1) *The Plaintiff corporations Monahan Corporation N.V., Treetop Investments, N.V. and Ganaterra Corp., N.V. are off-shore corporations without assets, and therefore are immune to Any Order of this Court*.

The Plaintiffs Monahan Corporation N.V. ("Monahan"), Treetop Investments, N.V. ("Treetop") and Ganaterra Corp., N.V. ("Ganaterra") are Curacao corporations. Upon information and belief, these corporations were formed for the specific purpose of investing in Volonte Care, Inc. During the course of litigation, Plaintiff Corporations acquired the beneficial interest in a life insurance policy belonging to Defendant Robert

Michael Whitty ("Whitty") and subsequently sold it for approximately $1.3 million dollars.[1]  Plaintiff Corporations settled with Defendant Dennis Etzkorn for $50,000.00 and most recently settled with Defendant Whitty for less than $500.00. Upon information and belief, the Plaintiff Corporations have no business interests or assets in the United States of America.

From the beginning, this litigation was entirely directed by Plaintiffs' attorneys with the assistance of Russell S. Molina, President of Woodco Fund Management Corporation, the entity which managed and operated Plaintiff Corporations.  See Amended Complaint, par. 4.  Upon information and belief, Woodco Fund management is now defunct.

These circumstances were set forth within Defendants' Memorandum of Law in Support of the Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and M.G.L. 231 §6F at page 18, in which Defendants stated:

> "any award in favor of defendants Godbout holding only the plaintiff corporations liable for the costs incurred in defense of this suit will be a hollow and unenforceable result.  The plaintiffs are off-shore corporations incorporated in Curacao with a principal place of business in Houston, Texas.  Upon information and belief, these entities have neither assets nor

---

[1] See Memorandum and Order on Motions for Summary Judgment, Footnote 7.

business interests within the United States. Further, Russell S. Molina, the chief protagonist of plaintiff's amended complaint, left the employment of Woodco Fund Management Corporation ("Woodco") as of September, 2002 and upon information and belief, Woodco itself is now defunct. See Russell S. Molina Deposition, pp. 16-17 attached hereto as Exhibit D."[2]

Plaintiffs' counsel, Mark A. Rosen and Gina A. Lahey's primary purpose in filing the Motion for Reconsideration and for Clarification was to insure that they would not be held personally liable and that the award of $3,292.25 would be levied exclusively against their off-shore asset-less clients.

In the end, Plaintiffs' counsel and Russell S. Molina initiated and maintained a meritless cause of action against Defendants. Assuredly, Plaintiffs' Counsel was paid in full for orchestrating this strategy. Certainly, Mr. Molina was compensated for his management. Unless this Court amends the Order to find either Plaintiffs' Counsel or Mr. Molina responsible for the award of costs, this Order is without consequence.

---

[2] This assessment has never been disputed by Plaintiff Corporations or their counsel during the course of these post-judgment motions.

WHEREFORE, defendants respectfully request this Court reconsider its Order of June 14, 2004, and award costs pursuant to 28 U.S.C. §1920 against plaintiffs Monahan Corporation N.V., Treetop Investments, N.V. and Ganaterra Corp., N.V., together with plaintiffs' counsel, Mark A. Rosen and Gina A. Lahey, or, in the alternative, award the costs against Russell S. Molina, individually.

**BLAKE J. GODBOUT AND DIMARIA & GODBOUT, P.A.**

By their attorneys,

_____
Blake J. Godbout, BBO #196380
**BLAKE J. GODBOUT & ASSOCIATES**
33 Broad Street - 11TH Floor
Boston, MA 02109
(617) 523-6677

Dated: June 22, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail (by hand) on June 22, 2004.

_____